# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | |
| ISAGANI A. RABINO and JENNIFER MACAYRA-RABINO, | Case No. 1:14-bk-11071 |
| Debtor(s) | Chapter 13 |
| ISAGANI A. RABINO and JENNIFER MACAYRA-RABINO, | Honorable Janet S. Baer |
| Plaintiffs | |
| v. | Adversary No. 1:19-ap-_____ |
| PNC BANK, NATIONAL ASSOCIATION | |
| Defendant | |

## COMPLAINT

ISAGANI A. RABINO and JENNIFER MACAYRA-RABINO file this adversary proceeding against PNC BANK, NATIONAL ASSOCIATION, alleging as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this action arises under 28 U.S.C. § 1334 and §§ 157(b) and (c). Plaintiffs assert claims against PNC Bank, N.A. for violations of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district. Plaintiffs filed for

bankruptcy protection in this district, PNC Bank, N.A. participated in Plaintiffs' bankruptcy in this district, and PNC Bank, N.A. transacts business in this district.

3. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiffs state that to the extent the Court determines that any portion of this complaint is non-core, Plaintiffs consent to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiffs request that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Northern District of Illinois on any such cause of action.

## PARTIES

4. ISAGANI A. RABINO and JENNIFER MACAYRA-RABINO ("Isagani" individually, "Jennifer" individually, "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who filed for bankruptcy protection in this district.

5. PNC BANK, NATIONAL ASSOCIATION ("PNC Bank, N.A.") provides various banking services to individuals, small businesses, corporations, and government entities in the United States. It offers checking; online and mobile banking; savings; mortgages, loans, and lines of credit; credit cards; investments and wealth management; insurance; and account services. The company also provides online business, checking, savings and liquidity, business loans and credit, making and collecting payments, merchant, account, cards, and employee benefits services to small business customers, such as healthcare professionals, retail businesses, manufacturers, agriculture clients, professional services,

accountants, attorneys, and commercial real estate owners and investors. In addition, it offers various financial products and services, such as financing options, treasury management, capital markets, international banking, financial institution, corporate and institutional resources, and institutional investment management services; and fraud prevention, investment management for working capital, healthcare, and commercial loan servicing and asset management solutions to corporate and institutional customers. The company's corporate and institutional customers include association, commercial real estate finance, charter school, energy and metals, financial institution, government contracting, healthcare, middle market, non-profit and government institution, and private equity markets. Further, it offers retail banking; investments, wealth planning, trust and estate administration, and private banking; and residential mortgage banking services. PNC Bank, National Association was formerly known as Midlantic Bank, National Association and changed its name to PNC Bank, National Association in September 1996. The company was founded in 1804 and is based in Wilmington, Delaware with additional offices in the United States. PNC Bank, National Association operates as a subsidiary of PNC Bancorp, Inc.

## FACTUAL ALLEGATIONS

6. Prior to Plaintiffs' bankruptcy filing, Plaintiffs and PNC Bank, N.A. entered into a Motor Vehicle Retail Installment Contract whereby a security interest was created in favor of PNC Bank, N.A. in the following property: 2012 Suburu Impreza WRX STI, VIN # JF1GV8J62CL002259 (the "Vehicle").

7. Plaintiffs filed for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on March 26, 2014. [Dkt. #1].

8. The Vehicle was listed on the Plaintiffs' Schedule D, and PNC Bank, N.A. was listed as the lien holder. Id.

9. On May 16, 2014, this court entered an "Order Confirming Chapter 13 Plan" (the "Confirmation Order"). [Dkt. #18].

10. With respect to PNC Bank, N.A. and the Vehicle, the Plan provided that PNC Bank, N.A.'s lien was to be released within 30 days after payment through the plan of PNC Bank, N.A.'s allowed secured claim, with interest. *See* Exhibit A, a true and correct copy of the confirmed Chapter 13 Plan.

11. The amount listed in the proof of claim was $36,089.92. *See* Exhibit B, a true and correct copy of PNC Bank, N.A.'s proof of claim.

12. The Chapter 13 Trustee disbursed $36,075.13 in principal as well as $3,028.03 in interest to PNC Bank, N.A. from May 9, 2014 to February 8, 2019.

13. From May 9, 2014 to February 8, 2019, the Chapter 13 Trustee paid PNC Bank, N.A. $36,075.13 in principal. From May 9, 2014 to February 8, 2019, the Chapter 13 Trustee paid PNC Bank, N.A. $3,028.03 in interest. *See* Exhibit C, a true and correct copy of the Chapter 13 Trustee's payment history.[1]

14. On March 26, 2019, a discharge pursuant to 11 U.S.C. § 1328(a) was granted to Plaintiffs. [Dkt. #34].

15. PNC Bank, N.A.'s claim is paid in full. Moreover, a discharge under 11 U.S.C. § 1328(a) was granted on March 26, 2019.

16. Accordingly, as provided in the confirmed Plan, PNC Bank, N.A. is required to tender title to the vehicle to Plaintiffs.

---

[1] On March 22, 2019, PNC Bank, N.A. returned $14.79 to Chapter 13 Trustee.

17. PNC Bank, N.A., however, refuses to tender the title to the Vehicle to Plaintiffs in spite of Plaintiffs' multiple attempts to urge them to do so.

## CLAIMS FOR RELIEF

### COUNT I:
### Violation of the Automatic Stay (11 U.S.C. § 362)

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19. Section 362 of the Bankruptcy Code provides: (a) Except as provided in subsection (b) of this section, a petition filed under 301, 302, or 303 of this title … operates as a stay, applicable of all entities, of – (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

20. PNC Bank, N.A.'s refusal to tender the title to the Vehicle to the Plaintiffs constitutes an act to exercise control over property of the estate.

21. PNC Bank, N.A.'s refusal to tender the title to the Vehicle to the Plaintiffs constitutes a willful violation of the automatic stay.

22. "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

WHEREFORE, Plaintiffs request the following relief:

a. find that PNC Bank, N.A. willfully violated 11 U.S.C. § 362;

b. award actual, and punitive damages, and costs and attorneys' fees; and

c. an award of such other relief as this Court deems just and proper.

### COUNT II:
### Violation of Illinois Vehicle Code (625 ILCS 5/3-205)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Section 3-205(a) of the Illinois Vehicle Code provides:

    Sec. 3-205. Release of security interest.

    (a) Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and releases to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate.

25. PNC Bank, N.A.'s failure to execute a release of his or her security interest constitutes a violation of Section 3-205(a) of the Illinois Vehicle Code.

26. "[A] lienholder who fails to execute a release of his or her security interest or who fails to mail or deliver the certificate and release within the time limit provided is liable to the person or entity that was supposed to receive the release or certificate for $150.00 plus reasonable attorney fees and court costs." 625 ILCS 5/3-205(c).

    WHEREFORE, Plaintiffs request the following relief:

    a.   find that PNC Bank, N.A. willfully violated 625 ILCS 5/3-205(a);

    b.   compel PNC Bank to execute a release of his or her security interest in the Vehicle;

    c.   award $150.00 in damages plus reasonable and attorneys' fees and court costs; and

    d.   an award of such other relief as this Court deems just and proper.

### COUNT III:
### Violation of Confirmed Chapter 13 Plan (11 U.S.C. § 105(a))

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Section 1327(a) of the Bankruptcy Code provides, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

29. The confirmed Chapter 13 Plan requires PNC Bank, N.A. to tender the title to the Vehicle to the Plaintiffs.

30. PNC Bank, N.A.'s failure to execute a release of its security interest constitutes a willful violation of the confirmed Chapter 13 Plan.

WHEREFORE, Plaintiffs request the following relief:

a. find that PNC Bank, N.A. willfully violated Plaintiffs' confirmed Chapter 13 Plan;

b. compel PNC Bank, N.A.'s performance as provided for under Plaintiffs' confirmed Chapter 13 Plan

c. award actual, and punitive damages, and costs and attorneys' fees; and

d. an award of such other relief as this Court deems just and proper.

Dated: June 19, 2019                                    Respectfully submitted,

**ISAGANI A. RABINO and JENNIFER MACAYRA-RABINO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com